UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| BILLY TYLER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 2:24-cv-00107-JMB |
| UNKNOWN STALLOS, et al., | ) ) ) |
| Defendants. | ) ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on self-represented Plaintiff Billy Tyler's application to proceed in the district court without prepayment of fees and costs. Based on Plaintiff's financial information, the Court will grant the application and waive the filing fee. On initial review, however, the Court will dismiss the amended complaint without prejudice for failure to state a claim upon which relief may be granted.

**Legal Standard on Initial Review**

The Court is required to review a complaint filed without full payment of the filing fee and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*,

490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. That standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### The Amended Complaint

Plaintiff brings this action for denial of his constitutional rights to due process, equal protection, and "invasion of privacy Fourth Amendment" against Unknown Stallos, Clerk of Court for Chariton County, and John Doe, a police officer with the Chariton County Sheriff's Department.

Plaintiff's allegations lack detail. Those against Officer Doe involve a property dispute. Plaintiff states that last summer, Officer Doe told him to "get off and never come back to the property in Keytesville that 'Mr. Brown' had given to plaintiff!" *See* ECF No. 4 at 7. As to Defendant Clerk Stallos, Plaintiff states that he sought to file suit in the Circuit Court of Chariton County, presumably about the property dispute. He states that Stallos returned the suit twice, stating that Plaintiff's poverty affidavit was insufficient. Plaintiff states that he returned the suit to Stallos, and advised him in a letter that the sufficiency of the poverty affidavit was a determination to be made by a judge. Plaintiff states that Stallos did not file the poverty affidavit and returned the suit to him again.

For relief, Plaintiff seeks a court order directing Stallos to file Plaintiff's lawsuit and award Plaintiff more than $75,000 for property illegally kept from him.

## Discussion

Plaintiff has not alleged sufficient facts to state a plausible claim for relief against Defendant Officer Doe or Clerk Stallos. *See Iqbal*, 556 U.S. at 678. As to Officer Doe, Plaintiff states that a "Mr. Brown" had given Plaintiff land in Keytesville, Missouri.[1]  Last summer, Plaintiff was on the land in Keytesville, when

---

[1] Plaintiff's original complaint described this gift as "40 acres and a mule given US by Mr. Browne and w[h]atever else." ECF No. 1. Plaintiff originally sought $500 million in damages. *Id.*

-3-

apparently the police were called. He states that Officer Doe told Plaintiff to get off the land and never come back. These are the only facts pled to the Court. The Court does not know the date of the alleged incident; the location or description of the property; any information about the sale or transfer of the property from Mr. Brown to Plaintiff; whether a third party claims rights to the property; why Plaintiff was on the property; why Officer Doe was called to the property; who else was involved; why Officer Doe asked Plaintiff to leave the property, etc. Plaintiff makes no allegations that Defendant Doe violated his due process or equal protection rights. To the extent Plaintiff alleges Doe violated his Fourth Amendment rights, he has not alleged any search or seizure.

As to Plaintiff's claims against Clerk Stallos, Plaintiff states that he attempted to file a lawsuit two or three times in Chariton County Circuit Court, but Clerk Stallos returned the suit stating that Plaintiff's poverty affidavit was insufficient. Plaintiff has not alleged enough factual content for the Court to find a plausible claim of civil rights violations against Defendant Stallos. To succeed on an access to the courts claim under the First Amendment, Plaintiff must allege that "defendant[] acted with some intentional motivation to restrict his access to the courts." *Morris v. City of Chillicothe*, 512 F.3d 1013, 1020 (8th Cir. 2008). Plaintiff has not alleged Stallos acted intentionally to restrict his access to the court. Nor has

he alleged any discriminatory or improper motive on the part of Stallos. Plaintiff has not alleged why Stallos found the poverty affidavit insufficient. It is plausible that the affidavit did not meet filing requirements. Without any information regarding why Stallos returned Plaintiff's poverty affidavit, the Court cannot find Plaintiff has stated a constitutional claim. *See id*.

Additionally, Plaintiff has not alleged any actual injury or prejudice based on Stallos's alleged constitutional violation. *See Maness v. District Court of Logan County-Northern Div.*, 495 F.3d 943, 945 (8th Cir. 2007) (citing *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006) ("To sustain his claim based on denial of access to . . . the court, [plaintiff] must prove that he suffered an actual injury or prejudice as a result of the alleged denial of access.")). Because Plaintiff has not alleged any facts regarding his underlying legal claim, the Court cannot determine whether Stallos's actions hindered a meritorious legal claim. Thus, the Court cannot find any actual injury or prejudice to Plaintiff.

Finally, it does not appear that Plaintiff sought any relief in the state court before filing this federal claim, which the Eighth Circuit has found relevant to a claim for violation of a right to access the courts. *Maness*, 495 F.3d at 945 (citing *Snyder v. Nolen*, 380 F.3d 279, 292-93 (7th Cir. 2004) (no claim for access to the courts stated because appellant could have appealed the clerk's refusal of his

petition within the state system but failed to access these remedies)). Plaintiff's allegation that the Clerk of Court returned his filing two or three times because of an insufficient poverty affidavit, without more, does not state a plausible constitutional claim.

Plaintiff has not pled enough factual content to allow the Court to reasonably infer that Defendants are liable for any due process, equal protection, or Fourth Amendment violations. *See Iqbal*, 556 U.S. at 678. For these reasons, the Court will dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepaying fees or costs is **GRANTED**. [ECF No. 3]

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

An Order of Dismissal will accompany this Opinion, Memorandum and Order

Dated this 29th day of May, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE